Filed 1/27/16  In re Cody M. CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re CODY M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> CODY M., <br><br>     Defendant and Appellant. | A145196 <br><br> (Sonoma County <br> Super. Ct. No. 29634J) |

Cody M. appeals from a juvenile court order denying a petition to seal his juvenile records under Welfare and Institutions Code section 781.[1]  We accept the Attorney General's concession that the petition was unauthorized under section 781 because it advocated that Cody M.'s records remain unsealed, and we remand with directions to vacate the order.

I.

FACTUAL AND PROCEDURAL
BACKGROUND

In 2002, when Cody M. was 15 years old, he was the subject of a wardship proceeding under section 602.  The proceeding's outcome is not apparent from our limited record.

_____

[1] All further statutory references are to the Welfare and Institutions Code.

1

Thirteen years later, in April 2015, the Sonoma County Probation Department filed a petition under section 781 to seal Cody M.'s juvenile records. Although it seems the petition must have been filed at Cody M.'s request, in it the probation department urged the juvenile court *not* to seal the records because Cody M. had recently completed a sentence for crimes committed as an adult and "more time [was] needed to determine if rehabilitation [had] been attained."[2] Notice of a hearing on the petition was served on the district attorney and probation department but not Cody M.

Cody M. did not appear at the hearing, which occurred five days after the petition to seal was filed. A public defender appeared on his behalf and submitted on the petition. The juvenile court then denied it.

## II.
### DISCUSSION

Cody M. argues that the juvenile court's order denying the petition to seal must be reversed for two reasons. First, he claims that section 781 does not authorize a probation department to file a petition requesting that a person's juvenile records not be sealed. Second, he claims that his procedural due process rights were violated because he lacked notice and an opportunity to be heard. We conclude that the petition was unauthorized and therefore need not reach his due process claim.

Section 781 authorizes either a person who was the subject of a wardship petition or "the county probation officer" to "petition the [juvenile] court for sealing of the records . . . relating to the person's case." (§ 781, subd. (a)(1)(A).) We agree with Cody M. and the Attorney General that nothing in the statute authorizes a probation department to file a petition that effectively *opposes* the sealing of juvenile records. As a result, the order must be vacated.

---

[2] According to the probation department, Cody M. was convicted under Penal Code sections 459 (burglary), former 12025, subdivision (a)(1) (carrying a concealed firearm in a vehicle), and former 12031, subdivision (a)(1) (carrying a loaded firearm) and received a 36-month conditional sentence that expired in July 2014.

2

## III.
### DISPOSITION

The matter is remanded to the juvenile court with directions to vacate its order denying the petition to seal under section 781.

_____
Humes, P.J.

We concur:

_____
Dondero, J.

_____
Banke, J.

*In re Cody M.* (A145196)

4